NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4571
_____

DR. CHANDAN S. VORA,
                              Appellant

v.

DON MICHAELS; J. WHITE; POLICE CHIEF CRAIG FOUST;
POLICE COP KILLINGER; POLICE COP JANCIGA; POLICE COP CHRIST;
SGT KIEFER; KRISTEN DENNE; RONALD REPAK;
JUDGE CREANY; JUDGE KRUNEMACKER; JUDGE KINIRY;
MAYOR TRIGONA OF CITY OF JOHNSTOWN; DA KELLY CALLIHAN;
ASSISTANT DA JOSEPH GREEN; PRESIDENT OF MEMORIAL HOSPITAL;
DR. PATEL; DR. JAN SAVIT; EX JUDGE ABOOD; MAGISTRATE BARRON;
MAGISTRATE MUSULIN; MAGISTRATE GRECEK; CURT DAVIS;
GALLUCCI SANITATION; FORMER CITY ATTORNEY GREEN;
DON PALMERINE; TRIBUNE REVIEW DIRECTOR;
TRIBUNE DEMOCRAT DIRECTORY; WJAC TV 6 DIRECTOR;
DR. ROWLAND; HEALTH CENTER OF OSU; DR. J. MADARA;
DR. P. RESPET; SCHRADER'S FLOWER SHOP;
M. GRANDINETTI; JOHN DOES 1 & 2;
TOM OLDHAM; PRESIDENT, ST. FRANCIS COLLEGE;
SECRETARY OF STATE; UNKNOWN LEGISLATORS;
JUDGE TUWOLISKI; DR. ANTHONY GERGELEY, Deceased;
SHOMO; WARREN GATES; COP KANUCH;
ANTHONY KOVACIC; DAVID P. ANDREWS; DONNA WILLIAMS;
RICK WILLIAMS CODES DEPT HEADE RENNE DALEY; ATTY KRAFT;
HOWARD MESSER; NATIONWIDE INSURANCE; PA;
MCGOUGH, Deceased; G. TOTH; WILLIAM TOTH; C. MCGOUGH;
EARTHMOVERS UNLIMITED INC.; VERIZON INC.;
R. FISHER; COURIER EXPRESS; LORETTA OPILA; DR. W. EILLIEN;
DR. JOPINDER HARIKA; BEVERLY YANICK; DR. AZWIN J. MURN;
DR. STEINMAN; DR. SURYAKANT SHAH; R. HUBER, and family;

OFFICER PAGE; W.E. SABO; DONALD ROBERTSON; BADGE 105, JPD; BADGE 110, JPD; BADGE 115 JPD; MASTEROVICH; VERONICA KLOCKO; KIMBERLY ZIDIK; CAMTRAN ADMINISTRATIVE OFFICES; JOHN SIGNA; POLICE OFFICER E. SMITH; BORO OF LORAINE; POLICE OFFICER SOLOMON; COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLE AND DRIVER LICENSING; MARTIN A. KOVACS; B. A. EMERICK; SANTUCCI FAMILY; DON ZUCCO; 800-911 CENTER, with its former Director Robbin; PASC; CC PRESON AUTHORITIES WITH THEIR DOCTORS; RAGOR FAMILY; MOTORISTS MUTUAL INSURANCE CO.; JOHN AYRES; L. A. LORDITCH; RUDOLPH MILLER; SPENCER CUSTER SAYLOR WOLF & ROSE; SANFORD OF WASTE MANAGEMENT; DANIEL SIEGEL; S. MASIH; R.A. SMITH; M. FINK; MORTGAGE CO. OF R.A. SMITH AND M. FINK; ATTY DANIEL R. LOVETE; SUSAN SCHALL; JOE BILLEDEAUX; COP CAROTHERS; TRAVELERS INSURANCE CO. CORPORATE OFFICE HEADQUARTERS; TRAVELERS INSURANCE CO. LOCAL OFFICE; MR. HIMES; THEORY PERRY; PROGRESSIVE INSURANCE CO.; GEISINGER INSURANCE CO.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No.14-cv-00154)
District Judge:  Honorable Gustave Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2015
Before:  CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed August 18, 2015)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

_____

PER CURIAM

Pro se Appellant Dr. Chandan Vora appeals from the orders of the United States District Court for the Western District of Pennsylvania dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and denying her post judgment motions for reconsideration. For the reasons that follow, we will affirm the District Court's judgments.

Vora's complaint, which is largely indecipherable, alleges an ongoing conspiracy to deprive her of property and business interests. The defendants, including Pennsylvania officials and agencies, numerous insurance companies, and police, among others, are allegedly "residents of different states with motives spread throughout USA and practically world over with illegal motives to severely restrain competition," and to commit "conspiratorial, antitrust, RICO, civil rights violation[s] etc. activities." In addition to damages, Vora seeks an injunction against the defendants to prevent "repetition of Hitler, Musulini (sic), Stalin, etc. type era" as well as an order directing that her home – which she alleges was fraudulently condemned and demolished – be rebuilt.

The District Court granted Vora in forma pauperis (IFP) status. 28 U.S.C. § 1915(a)(1). A court is required to dismiss an IFP action if it determines that it, inter alia, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

_____

constitute binding precedent.

[1] The District Court stated in its order that it was dismissing the complaint for lack of jurisdiction "and as otherwise frivolous." It is clear from its opinion, however, that it

The legal standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that for dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, the facts as plead must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). We review the District Court's decision to dismiss de novo. See Allah, 229 F.3d at 223. We review the denial of Vora's motions for reconsideration for abuse of discretion.[2] Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (citation omitted).

Although she cites to numerous federal statutes, Vora's vague and conclusory allegations that the defendants participated in a conspiracy to engage in various criminal activities fails to state a cause of action. Even construing the complaint liberally and in a light most favorable to Vora, we discern no viable claims or grounds for relief. See Iqbal, 556 U.S. at 678.

Accordingly, we will affirm the judgments of the District Court. Vora's motions to lodge two (2) CDs as exhibits and to file the brief and appendix out of time and accept the non-compliant brief are granted. The motion to file "1st part of brief of 3/16/2015 on 3/18/2015" and "2nd part of brief . . . on 5/16/2015 to be filed on 5/18/2015" is denied as

---

dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and not as frivolous. It is also clear that granting leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

unnecessary.  The Motion for an "injunction against these conspirators", "Motion for

Extension of Time to put Motion for Default Judgment," and "Motion for Default

Judgment" are denied.

---

[2] In an order entered on December 16, 2014, the District Court construed Vora's motions for judgment in her favor and to vacate the court's order as seeking reconsideration of its order dismissing the complaint, and properly denied the motions.